Elizabeth A. Falcone, CA Bar No. 219084
elizabeth.falcone@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR  97201
Telephone:    503.552.2140
Facsimile:     503.224.4518

Attorneys for Defendant TARGET
CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| KHADIJA YOUSAFZAI, an individual;<br><br>       Plaintiff,<br><br>       v.<br><br>TARGET CORPORATION, Minnesota corporation; MONICA DOE, an individual; NIKKI DOE, an individual; HEATHER DOE, an individual; and DOES 1 through 50, inclusive;<br><br>       Defendants. | Case No. 5:20-cv-03772<br><br>**DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL**<br><br>Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446<br><br>(Superior Court of California, County of Santa Clara Case No. 20CV366333)<br><br>Complaint Filed:  April 28, 2020<br>Trial Date:           Not Set |

TO: The Judges and the Clerk of the United States District Court for the Northern District of California

PLEASE TAKE NOTICE that Defendant Target Corporation ("Target") removes this action to this Court from the Superior Court of California, County of Santa Clara, pursuant to 28 U.S.C. Section 1446.  Removal is proper based on the following grounds:

1. On or about April 28, 2020, Plaintiff Khadija Yousafzai commenced this civil action against Target in the Superior Court of California, County of Santa Clara, by filing a Complaint therein entitled *Khadija Yousafzai v. Target Corporation*, Case No. 20CV366333.  *See* concurrently filed Declaration of Elizabeth A. Falcone (hereafter, "Falcone Decl."), Exhibit 1

1  (Summons, Complaint, Civil Case Cover Sheet, and Notice of Hearing served on Target), at 1-38.

2    2. Target was served with the Summons, Complaint, Civil Case Cover Sheet, and
3  Notice of Hearing in this action on May 15, 2020.  Falcone Decl., Ex. 2 (Proof of Service).  Target
4  filed its Answer and Affirmative Defenses to Plaintiff's Complaint in the state court on May 29,
5  2020.  Falcone Decl., Ex. 3.

6    3. Thirty days have not expired since receipt by Target of a copy of the Summons and
7  Complaint.  The Summons, Complaint, Civil Cover Sheet, Notice of Hearing, and Answer and
8  Affirmative Defenses are the only process, pleadings, or orders served in this matter to date.  *Id.* at
9  ¶ 4-5.

10   4. The above-described action is a civil action that may be removed from the state
11 court under 28 U.S.C. Sections 1332 and 1441 because it is a civil action, the matter in controversy
12 exceeds $75,000, exclusive of interests and costs, and it is between citizens of different states, as
13 further explained in the paragraphs below.

14 **Amount in Controversy**

15   5. Plaintiff fails to specify a damages sum in her Complaint.  *See generally* Complaint.
16 However, the failure to specify the total amount of damages sought does not deprive this Court of
17 jurisdiction.  *See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D.W. Va. 1994) ("The
18 defendant may remove suit to federal court notwithstanding the failure of the plaintiff to plead a
19 specific dollar amount in controversy … otherwise … any Plaintiff could avoid removal simply by
20 declining … to place a specific dollar value upon its claim.").  Rather, removal is proper if, based
21 on the allegations of the Complaint and the Notice of Removal, it is more likely than not that the
22 value of a plaintiff's claims exceeds $75,000.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d
23 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

24   6. Target has the burden of showing that it is more likely than not that the
25 jurisdictional threshold is in controversy.  *Sanchez*, 102 F.3d at 404.  However, "[that] burden is
26 not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated
27 to 'research, state, and prove the plaintiff's claim for damages.'"  *Muniz v. Pilot Travel Centers*
28 *LLC*, 2007 WL 1302504, *2 (E.D. Cal. May 1, 2007) (quoting *McCraw v. Lyons*, 863 F. Supp. 430,

1    434 (W.D. Ky. 1994)).  "[T]he amount in controversy is simply an estimate of the total amount in
2    dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627
3    F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

4          7.     In measuring the amount in controversy, the Court must assume that the allegations
5    of the Complaint are true and that a jury will return a verdict for Plaintiff on all claims made in the
6    Complaint.  *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  The Court
7    considers all recoverable damages, including emotional distress damages, punitive damages,
8    statutory penalties, and attorneys' fees.  *See Hunt v. Wash. State Apple Advertising Comm'n*, 432
9    U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).
10   These damages include "the amount that can reasonably be anticipated at the time of removal, not
11   merely those already incurred." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal.
12   2002); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008-11 (N.D. Cal.
13   2002).  Further, the Court may examine extrinsic evidence of the amount in controversy.  *See
14   Singer*, 116 F.3d at 377 (court may require parties to submit "summary-judgment-type evidence
15   relevant to the amount of controversy at the time of removal") (citation omitted).

16         8.     Here, it is more likely than not that the amount in controversy exceeds the sum of
17   $75,000, exclusive of interest and costs, based on the following allegations and evidence:

      a)     Plaintiff, a former employee of Target, alleges that Target harassed her and terminated her employment on April 7, 2019, because of her religion (Islam), for a purported actual/perceived disability, and in retaliation for requesting accommodations for her religion and a purported disability.  Compl., ¶¶ 25-27 & 33.  Plaintiff also alleges that Target failed to accommodate her religion.  Compl., ¶¶ 21-23.  Plaintiff further alleges that Target failed to provide Plaintiff with rest periods, failed to pay a premium for those purported missed rest periods, failed to provide accurate wages statements, and failed to pay Plaintiff rest break premium payments upon termination.  Compl., ¶¶ 37-41.  Plaintiff claims "unlimited" damages in excess of $25,000, including general damages, special damages, loss of earnings, statutory penalties for wage and hour violations, attorneys' fees, prejudgment interest, punitive and exemplary damages, and costs.  Falcone Decl., Ex. 1, at

1    37 (Civil Case Cover Sheet); Compl., ¶¶ 13, 51-55, 61-64, 73-77, 92-96, 105-109, 122-124,
2    128-131, 137-140, 144-147, 152, 158, 162, 163, 171-173 & pp.32 & 33 (Prayer for Relief).
3    Plaintiff's various damage claims may be aggregated to determine whether the amount in
4    controversy exceeds $75,000. *Lemmon v. Cedar Point, Inc.*, 406 F.2d 94, 96 (6th Cir.
5    1969); *Pakledinaz v. Consolidated Rail Co.*, 737 F. Supp. 47, 48 (E.D. Mich. 1990).

        b)    Plaintiff earned $15.00 per hour at the time of her termination. *See*
concurrently filed Declaration of Arlen Olson (hereafter, "Olson Decl."), ¶ 6. Over the
course of Plaintiff's tenure with Target (October 23, 2017, to April 7, 2019), she worked a
total of 1,301 hours, or approximately 17.1 hours per week on average. Compl., ¶ 1; Olson
Decl., ¶ 6. Accordingly, on average, Plaintiff earned approximately $256.50 per week
($15.00 per hour x 17.1 hours per week).

        c)    Since the amount in controversy in a wrongful termination suit includes
what the plaintiff would have earned but for the termination of employment, the damages
for back pay are calculated from the date of termination to the *date of judgment*. *Lowe v.
Sears Holding Corp.*, 545 F. Supp. 2d 195 (D. N.H. 2008) (citing *White v. FCI USA, Inc.*
319 F.3d 672, 675-676 (5th Cir. 2003)). Based on the December 31, 2019 Civil Statistical
Tables for the Federal Judiciary, U.S. District Courts—Median Time from Filing to
Disposition of Civil Cases, by Action Taken, the median time from filing to trial in the
Northern District of California is 25 months. Falcone Decl., Ex. 4. By the time this case is
resolved at trial, likely no earlier than July 2022 (25 months from the date this action is
removed to this Court), 39 months will have elapsed since the date of Plaintiff's termination
(April 7, 2019). Plaintiff's unmitigated lost wages would amount to approximately $40,014
($256.50 per week x 4 weeks per month x 39 months).

        d)    As noted, in addition to lost wages, Plaintiff is also seeking damages for
emotional distress. Compl., ¶¶ 62, 74, 93, 106, 123, 129, 138, 145 & pp. 32 & 33 (Prayer
for Relief).

        e)    Assuming a jury returns a verdict for Plaintiff on all claims made in the
Complaint, as this Court must do on removal, *Korn*, 536 F. Supp. 2d at 1205, the potential

value of Plaintiff's claims far exceeds the $75,000 jurisdictional threshold.  In a recent case in the Central District of California, a jury returned an award of $50,000 in emotional distress damages where the employee, like Plaintiff here, claimed that after she disclosed her disability and took a leave of absence for her disability, her employer refused to provide an accommodation of reduced work hours and terminated her employment due to her disability and in retaliation for having engaged in protected activity related to her disability. *See Samson v. Wells Fargo Bank, National Association*, No. 2:16-CV-04839, 2020 WL 1890594 (C.D. Cal. March 13, 2020).  In that same case, the jury also awarded $400,000 in punitive damages.  *See id.*

      f)      As noted, Plaintiff also seeks attorneys' fees.  Compl., ¶¶ 53, 63, 75, 94, 107, 124, 130, 139, 146, 173 & pp. 32 & 33 (Prayer for Relief).  In a case involving similar claims as alleged in this action (gender discrimination, retaliation in violation of FEHA, and failure to prevent retaliation and discrimination in violation of FEHA) that was tried to a jury, the district court for the Eastern District of California recently granted a petition for $447,791.25 in attorneys' fees to the plaintiff-employee, despite the fact that she prevailed on only *half* of her claims.  *Trulsson v. Cty. of San Joaquin Dist. Atty's Office*, No. 2:11-CV-02986 KJM DAD, 2014 U.S. Dist. LEXIS 152821 (E.D. Cal. Oct. 27, 2014).

      g)      As noted, Plaintiff also seeks statutory penalties.  Compl., ¶ 152, 158, 163 & pp. 32 & 33 (Prayer for Relief).  In a recent case involving claims for statutory penalties under the California Labor Code for failure to provide accurate, itemized wage statements and waiting time, a jury awarded a class of plaintiffs $6,400 for the wage statement statutory penalties and $311,417 for the waiting time statutory penalties.  *Robinson v. Open Top Sightseeing San Francisco, L.L.C.*, No. 14-cv-00852-PJH 2018, WL 2932236 (N.D. Cal. February 14, 2018).  Based on Plaintiff's weekly pay rate of $256.50, Plaintiff earned approximately $36.64 per day ($256.50 / 7 days).  Thus, the 30-day statutory penalty for waiting time equals approximately $1,099.29.

      h)      If Plaintiff obtained comparable results to the three recent cases cited above—not even including punitive damages or wage statement statutory penalties—the

1  value of her claims would exceed $488,904.54, far greater than the $75,000 jurisdictional
2  threshold.  Accordingly, it is "more likely than not" that the value of Plaintiff's claims
3  exceed the $75,000 jurisdictional threshold.  *Singer*, 116 F.3d at 377.

**Diversity of Citizenship**

9.  There is complete diversity between Plaintiff and Target.  On information and belief, Plaintiff is a citizen of California.  Compl., ¶ 1.

10.  In her Complaint, Plaintiff named three "DOE" defendants, "Monica," "Nikki," and "Heather."  In determining whether a civil action is removable on the basis of diversity of citizenship, the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).  Accordingly, the only defendant whose citizenship is relevant to the diversity question is Target.  Target is not a citizen of California, for the reasons stated below.

11.  Target is a corporation.  Olson Decl., ¶ 3.  "[A] corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

12.  Target is incorporated under the laws of the State of Minnesota.  Olson Decl., ¶ 3.  Target's headquarters is in Minneapolis, Minnesota.  *Id.* at ¶ 4.  Target's business operations are coordinated through its headquarters in Minneapolis, Minnesota.  *See id.*  Accordingly, Target's principal place of business is in Minneapolis, Minnesota.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 81, 93 (2010) (holding that a corporation's principal place of business is its "nerve center," which is normally where it maintains its headquarters).  Accordingly, Target is a citizen of Minnesota.  *See* 28 U.S.C. § 1332(c)(1).

**Venue**

13.  This Court is the appropriate venue for removal because it is the federal district court for the district and division where the above-described Santa Clara Superior Court case is pending.  *See* 28 U.S.C. § 1441(a).

**Remaining Requirements of 28 U.S.C. § 1446 Are Fulfilled**

14.  Pursuant to 28 U.S.C. Section 1446(d), Target will file a notice of removal with the Clerk of the Superior Court of California, County of Santa Clara, informing the state court that this

DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

1 matter has been removed to federal court. A copy of this Notice of Removal, including all
2 supporting documents, will be attached to the notice of removal filed with the superior court.
3 Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice of Removal is also being served upon
4 Plaintiff.
5     15.    No previous application has been made for the relief requested in this removal.
6     In the event this Court has a question regarding the propriety of this Notice of Removal,
7 Target requests that it issue an Order to Show Cause so it may have an opportunity to more fully
8 brief the basis for this removal.

10 DATED: June 8, 2020                           OGLETREE, DEAKINS, NASH, SMOAK &
                                                        STEWART, P.C.

By: /s/ Elizabeth A. Falcone
     Elizabeth A. Falcone
     Attorneys for Defendant TARGET
     CORPORATION

42904669.1