Elizabeth A. Falcone, CA Bar No. 219084
elizabeth.falcone@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR  97201
Telephone:    503.552.2140
Facsimile:     503.224.4518

Attorneys for Defendant TARGET
CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| KHADIJA YOUSAFZAI, an individual;<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, Minnesota corporation; MONICA DOE, an individual; NIKKI DOE, an individual; HEATHER DOE, an individual; and DOES 1 through 50, inclusive;<br><br>Defendant. | Case No. 5:20-cv-03772<br><br>**DECLARATION OF ELIZABETH A. FALCONE IN SUPPORT OF DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL**<br><br>(Superior Court of California, County of Santa Clara Case No. 20CV366333)<br><br>Complaint Filed:  April 28, 2020<br>Trial Date:        Not Set |

I, Elizabeth A. Falcone, declare and testify as follows:

1.      I am an attorney duly licensed to practice before this Court and before all of the courts of the states of Oregon and California, and I am a Shareholder with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins"), counsel of record for Defendant Target Corporation ("Target") in this action.

2.      I have personal knowledge of the matters set forth in this declaration or know of them based on my review of documents maintained in the ordinary course of business by Ogletree Deakins, and if called as a witness, could and would testify competently thereto.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's Complaint, filed in the Superior Court of the State of California for the County of Santa Clara, on April 28,

2020, together with a true and correct copy of the Summons, Civil Case Cover Sheet, and Notice of Hearing served on Target.  Pursuant to the Proof of Service, the foregoing was served on Target on May 15, 2020.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of the Proof of Service concerning the service of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Hearing.  The foregoing constitute the only process, pleadings, and orders served on Target to date.

5.      Attached hereto as **Exhibit 3** is a true and correct copy of Target's Answer and Affirmative Defenses to Plaintiff's Complaint filed in this action in the Santa Clara Superior Court on May 29, 2020.

6.      Attached hereto as **Exhibit 4** is a true and correct copy of the December 31, 2019 Civil Statistical Tables for the Federal Judiciary, Median Time from Filing to Disposition of Civil Cases, by Action Taken, retrieved from website for the United States Courts, Statistical Tables for the Federal Judiciary, https://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2019/12/31, by my office on June 8, 2020.

Pursuant to 28 U.S.C. § 1746, the laws of the United States of America, and the laws of the State of Oregon, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of June, 2020, in Portland, Oregon.

s/ Elizabeth A. Falcone
Elizabeth A. Falcone

42904825.1

FALCONE DECLARATION IN SUPPORT OF DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TARGET CORPORATION, Minnesota corporation;
[See, Additional Parties Attachment]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KHADIJA YOUSAFZAI, an individual;

<table>
<tr><td><em>FOR COURT USE ONLY</em><br><em>(SOLO PARA USO DE LA CORTE)</em></td></tr>
<tr><td>E-FILED<br>4/28/2020 4:49 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>20CV366333<br>Reviewed By: R. Tien<br>Envelope: 4292807</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>The name and address of the court is:<br><em>(El nombre y dirección de la corte es):</em></td><td>CASE NUMBER:<br><em>(Número del Caso):</em><br>20CV366333</td></tr>
</table>

SANTA CLARA COUNTY SUPERIOR COURT
191 North First Street, San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Joseph M. Lovretovich; Eric M. Gruzen; Christina R. Manalo - 5855 Topanga Canyon Boulevard, Suite 300
Woodland Hills, CA 91367   (818) 610-8800

<table>
<tr><td>DATE:<br><em>(Fecha)</em></td><td>4/28/2020 4:49 PM</td><td>Clerk of Court</td><td>Clerk, by<br><em>(Secretario)</em></td><td>R. Tien</td><td>, Deputy<br><em>(Adjunto)</em></td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* TARGET CORPORATION, MINNESTOA CORPORATION [handwritten]

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

SUM-200(A)

| SHORT TITLE:<br>Yousafzai v. Target Corporation, et al. | CASE NUMBER: |
|---|---|

**INSTRUCTIONS FOR USE**

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MONICA DOE, an individual; NIKKI DOE, an individual; HEATHER DOE, an individual; and DOES 1 through 50, inclusive;

Page __2__ of __2__

Page 1 of 1

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
ERIC M. GRUZEN, STATE BAR NO. 222448
CHRISTINA R. MANALO, STATE BAR NO. 297718

Attorneys for Plaintiff
**KHADIJA YOUSAFZAI**

E-FILED
4/28/2020 4:49 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV366333
Reviewed By: R. Tien

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA - DOWNTOWN

| | |
|---|---|
| KHADIJA YOUSAFZAI, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, Minnesota corporation; MONICA DOE, an individual; NIKKI DOE, an individual; HEATHER DOE, an individual; and DOES 1 through 50, inclusive;<br><br>Defendants. | Case No.: 20CV366333<br><br>COMPLAINT FOR:<br><br>1. **DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.* [FEHA] ;**<br>2. **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF FEHA;**<br>3. **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA;**<br>4. **RELIGIOUS DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.* [FEHA];**<br>5. **FAILURE TO ACCOMMODATE RELIGIOUS PRACTICE IN VIOLATION OF FEHA;**<br>6. **HARASSMENT IN VIOLATION OF FEHA;**<br>7. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;**<br>8. **RETALIATION IN VIOLATION OF FEHA;**<br>9. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>10. **REST BREAK VIOLATIONS;**<br>11. **FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS;**<br>12. **WAITING TIME PENALTIES;**<br>13. **UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*;**<br><br>**DEMAND FOR JURY TRIAL**<br>AMOUNT DEMANDED EXCEEDS $25,000.00 |

Plaintiff, KHADIJA YOUSAFZAI, hereby brings her complaint against the above-named Defendants and states and alleges as follows:

1

COMPLAINT

## PRELIMINARY ALLEGATION

1. At all times material herein, Plaintiff, KHADIJA YOUSAFZAI (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, County of Santa Clara.

2. Plaintiff is informed, believes, and based thereon alleges that TARGET CORPORATION, (hereinafter referred to as "TARGET or Defendant") is a Minnesota corporation, and was at all times mentioned in this complaint duly licensed to do business, was and is doing business, under and by virtue of the laws of the State of California, and in Santa Clara County.   Plaintiff worked for TARGET at all relevant times in Santa Clara County.

3. Plaintiff is informed, believes, and based thereon alleges that at all times mentioned herein, Defendant MONICA DOE is and was an individual residing in the State of California, County of Santa Clara. At all times mentioned herein, MONICA DOE (hereinafter "MONICA") worked as Plaintiff's Supervisor.   At all relevant times, Plaintiff is informed, believes, and based thereon alleges that Defendant MONICA was and is a "supervisor" within the meaning of California Government Code §§ 12940(j)(1) and 12926(t), in that she had the discretion and authority to hire, direct, transfer, promote, assign, reward, discipline, adjust the grievances of, or discharge other employees, or effectively to recommend any of these actions with the use of her independent judgment.

4. Plaintiff is informed, believes, and based thereon alleges that at all times mentioned herein, Defendant NIKKI DOE is and was an individual residing in the State of California, County of Santa Clara. At all times mentioned herein, NIKKI DOE (hereinafter "NIKKI") worked as Plaintiff's Manager.   At all relevant times, Plaintiff is informed, believes, and based thereon alleges that Defendant NIKKI was and is a "supervisor" within the meaning of California Government Code §§ 12940(j)(1) and 12926(t), in that she had the discretion and authority to hire, direct, transfer, promote, assign, reward, discipline, adjust the grievances of, or discharge other employees, or effectively to recommend any of these actions with the use of her independent judgment.

5. Plaintiff is informed, believes, and based thereon alleges that at all times mentioned herein, Defendant HEATHER DOE is and was an individual residing in the State of California,

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

2
COMPLAINT

1  County of Santa Clara. At all times mentioned herein, HEATHER DOE (hereinafter

2  "HEATHER") worked as Plaintiff's Manager.   At all relevant times, Plaintiff is informed,

3  believes, and based thereon alleges that Defendant HEATHER was and is a "supervisor" within

4  the meaning of California Government Code §§ 12940(j)(1) and 12926(t), in that she had the

5  discretion and authority to hire, direct, transfer, promote, assign, reward, discipline, adjust the

6  grievances of, or discharge other employees, or effectively to recommend any of these actions

7  with the use of her independent judgment.

8      6. The last names of Defendants Monica Doe, Heather Doe, and Nikki Doe are unknown

9  to Plaintiff at this time. Plaintiff intends to amend Defendants' names upon subsequently

10  discovered information.

11      7. The true names and capacities, whether individual, corporate, associate or otherwise of

12  DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said

13  fictitious names.  Plaintiff is informed and believes that each of the Defendants named as a DOE

14  Defendant is legally responsible in some manner for the events referred to in this complaint,

15  either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or

16  otherwise, for the injuries and damages described below to this Plaintiff.  Plaintiff will in the

17  future seek leave of this court to show the true names and capacities of these DOE Defendants

18  when it has been ascertained.

19      8. Plaintiff is informed and believes, and based thereon alleges, that each of the

20  fictitiously named Defendants is responsible in some manner for, and proximately caused, the

21  harm and damages alleged herein below.

22      9. Plaintiff is informed and believes that each Defendant conspired with, aided and

23  abetted, ratified the conduct of, knowingly acquiesced in, acted with the consent and permission

24  of, and accepted the benefits of each other Defendant with respect to the matters alleged herein.

25      10. Plaintiff is informed and believes, and based thereon alleges, that each of the

26  Defendants named herein acted as the employee, agent, partner,  joint-employer, alter-ego, joint

27  venture, affiliate, and/or co-conspirator with or of each of the other Defendants named herein

28  and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

3

COMPLAINT

1   Defendants acted within the scope of said relationship and with the permission, consent and

2   ratification of each of the other Defendants named herein.

3       11. Finally, Defendants are liable for the acts of their employees under the doctrine of

4   *respondeat superior* and via conspiracy liability.  Each of the acts described above and further

5   described below under each Cause of Action was perpetrated during the course and scope of

6   employment of the actors, was carried out with knowledge of Defendants, was condoned and

7   ratified, and/or was taken pursuant to an implied agreement by Defendants to deliberately take

8   said actions

9       12. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or

10   Defendants shall refer to all Defendants, and each of them.

11       13. The jurisdiction of this Court is proper for the relief sought herein, and the amount

12   demanded by Plaintiff exceeds $25,000.

13   <center>**FACTUAL ALLEGATIONS**</center>

14       14. Defendant Target hired Plaintiff Yousafzai as a Sales Associate in or about October

15   2017.

16       15. At all relevant times, Defendants Monica Doe, Heather Doe, and Nikki Doe were

17   Plaintiff's direct supervisors during her employment with Defendant Target.

18       16. Plaintiff is a Muslim who practices Islam.  Plaintiff was a practicing Muslim

19   throughout the entirety of her employment with Defendant Target.  In accordance with her

20   religious beliefs and as a part of the exercise of her religion, Plaintiff engaged in prayer five

21   times per day at specific times.

22       17. Plaintiff is informed and believes, and based thereon alleges, that she was the only

23   practicing Muslim on her shifts at Target.

24       18. Plaintiff's religious practice required her to engage in prayers five times per day at the

25   specific times of dawn, midday, late afternoon, just after sunset, and between sunset and

26   midnight.

27

28

<center>4</center>
<center>COMPLAINT</center>

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

19. Upon her hire, Plaintiff requested that Defendant Target accommodate her religious practice by permitting her to take prayer breaks of several minutes approximately two times per day during her shifts.

20. Rather than initiating steps toward accommodating her religious practice, Defendants regularly denied Plaintiff's requests to take prayer breaks, and regularly asked Plaintiff to pray at home.

21. Defendants could have provided reasonable accommodations to Plaintiff without suffering undue hardship, but chose to deny her accommodations. Defendants did not attempt to reasonably accommodate Plaintiff's religion and religious beliefs.

22. Defendants' refusal to accommodate Plaintiff's religious practice continued throughout her employment, up to and including through her wrongful termination.

23. As a result of Defendants' discriminatory refusal to accommodate Plaintiff's religious observation, she experienced severe emotional distress.

24. Defendants also regularly made disparaging remarks to Plaintiff regarding her religion. On one occasion, Defendant Monica told Plaintiff: "You can't pray here. You're wasting time and you're stealing Target's hours." On another occasion, Defendant Heather and Defendant Nikki interrupted client as she was praying and told her: "Can you do it at home?"

25. Beginning in or around 2018 and continuing through her wrongful termination, Defendant Monica, Defendant Heather, and Defendant Nikki subjected Plaintiff to a barrage of harassing conduct. When Plaintiff showed up to the Target store for her shift, Defendant Monica and Defendant Heather often took Plaintiff off the schedule at the last minute and sent her home without pay. Plaintiff is informed and believes, and based thereon alleges, that Defendants took her off the schedule and sent her home due to animus for her actual/perceived religion and in retaliation for her requests for accommodations related to her religious practice.

26. In or around late 2018, Defendant Target and Defendants Heather, Monica and Nikki began reducing Plaintiff's hours. On one occasion, Defendant Target took Plaintiff off of the store schedule completely. Plaintiff is informed and believes, and based thereon alleges, that

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1   Defendants reduced her work hours due to animus for her actual/perceived religion and in

2   retaliation for her requests for accommodations related to her religious practice.

3       27. Defendants' harassing conduct and comments based on Plaintiff's religion and

4   religious practice were severe and/or pervasive enough to create a work environment that a

5   reasonable person would consider intimidating, hostile, or abusive. Defendants' conduct

6   interfered with Plaintiff's work performance and seriously affected her psychological well-being.

7   Plaintiff was deeply upset by Defendants' harassing conduct, and considered her work

8   environment to be intimidating, hostile and abusive.

9       28. On or about January 27, 2019, Plaintiff was injured in a car accident and suffered

10  from musculoskeletal pain.  Plaintiff's disability limited her ability to engage in major life

11  activities, including working.

12      29. On or about January 27, 2019, Plaintiff's doctor placed her off of work due to her

13  disability and released her to return to work on January 31, 2019.  Plaintiff and/or her medical

14  providers provided notice to Defendant Target of her need for several days off due to her

15  injuries.

16      30. On or about February 15, 2019, Plaintiff doctor placed her off work due to her

17  disability and released her to return to work on February 20, 2019. Plaintiff and/or her medical

18  providers provided notice to Defendant Target of her need for several days off due to her

19  injuries.

20      31. Plaintiff provided advance notice to Defendant Target of her need for days off as an

21  accommodation related to her disability.

22      32. On several occasions, Plaintiff requested a day off of work as an accommodation due

23  to her disability.  However, Defendants Target, Monica, Heather and Nikki denied Plaintiff's

24  requests for accommodations.

25      33. On or about April 7, 2019, Defendant terminated Plaintiff for pretextual reasons.

26  Substantial motivating factors in Plaintiff's termination were her religion, retaliatory animus for

27  her requests for accommodations for her religious practice, her actual/perceived disability, and

28  her requests for accommodations related to her disability.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

6
COMPLAINT

1    34. At the time of her termination, Defendants perceived Plaintiff to be disabled.

2    35. Plaintiff is informed and believes and based thereon alleges, that Defendant Target

3    could have provided reasonable accommodations to Plaintiff without suffering undue hardship,

4    but chose to terminate her instead.

5    36. Plaintiff was capable of performing the essential functions of her position and/or other

6    positions within Defendant Target's organization. However, Defendant and its agents failed to

7    engage in a timely, good faith interactive process in good faith with Plaintiff, and failed to

8    communicate with Plaintiff regarding any possible accommodations.

9    37. During her employment, Defendant Target regularly failed to relieve Plaintiff of her

10   work duties for rest periods during her employment.

11   38. Further, Target failed to pay Plaintiff a premium for days on which Defendant Target

12   failed to authorize and permit Plaintiff to take lawful rest periods.

13   39. In addition to Defendant Target's failure to pay Plaintiff a premium for missed rest

14   periods, Defendant also failed to provide Plaintiff with accurate itemized wage statements.

15   40. Rather, Defendant Target provided Plaintiff with wage statements that inaccurately

16   stated her number of hours worked, and failed to state her owed wages, including a failure to

17   state owed rest break premiums.

18   41. Defendant Target failed pay Plaintiff all owed rest break premiums at the time of her

19   termination.

20   42. Plaintiff exhausted her administrative remedies by filing a complaint with the

21   Department of Fair Housing and Employment ("DFEH") on March 24, 2020.  The DFEH issued

22   Plaintiff a right-to-sue letter on March 24, 2020.

23   **FIRST CAUSE OF ACTION**

24   **DISCRIMINATION BASED UPON ACTUAL AND/OR PERCEIVED DISABILITY IN**

25   **VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)**

26   **(Against TARGET and DOES 1 through 50)**

27   43. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

28   forth herein.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

44. At all times herein mentioned, Government Code §§ 12940, *et seq*. were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.  Under the Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 *e. seq*., it is an unlawful employment practice for an employer because of the actual and/or perceived physical disability of a person to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

45. Additionally, Government Code § 12926(k)(5) and § 12940(m) protects individuals in the workplace who are perceived to have a disability or are regarded or treated by the employer as having a health impairment that has no present disabling effect but may become a physical disability as described in § 12926(k)(1) or § 12926(k)(2). At all times relevant, Defendants perceived Plaintiff as physically disabled.

46. As set forth in this complaint, Plaintiff is informed and believes that Defendants discriminated against her wrongfully terminating her due to her actual and/or perceived disabilities.

47. Substantial motivating factors in Plaintiff's termination were her actual and/or perceived disabilities.  At the time of her termination, Defendants perceived Plaintiff to be disabled.

48. Plaintiff was capable of performing the essential functions of open positions within Defendant's organization. However, Defendant and its agents failed to engage in a timely, good faith interactive process in good faith with Plaintiff, and failed to communicate with Plaintiff regarding any possible accommodations.

49. Plaintiff is informed and believes and based thereon alleges, that Defendant could have provided reasonable accommodations to Plaintiff without suffering undue hardship, but chose to terminate her instead.

50. Substantial motivating factors in Plaintiff's termination were her actual and/or perceived disabilities. Plaintiff was capable of performing the essential functions of open positions within Defendant's organization. However, Defendant and its agents failed to engage in

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

a timely, good faith interactive process in good faith with Plaintiff, and failed to communicate with Plaintiff regarding any possible accommodations.

51. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

52. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

53. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

54. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability discrimination, against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, disability discrimination against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded

1 | exemplary and punitive damages against each Defendant in an amount to be established that is
2 | appropriate to punish each Defendant and deter others from engaging in such conduct.

3 |     55. Plaintiff is informed and believes, and based thereon alleges that Defendants and their
4 | managers, officers, and managing agents had a pattern and practice of wrongfully terminating
5 | employees who were disabled so that Defendants did not have to accommodate them. Plaintiff
6 | should, therefore, be awarded exemplary and punitive damages against each Defendant in an
7 | amount to be established that is appropriate to punish each Defendant and deter others from
8 | engaging in such conduct.

9 | **SECOND CAUSE OF ACTION**

10 | **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION**

11 | **OF GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)**

12 | **(Against TARGET and DOES 1 through 50)**

13 |     56. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set
14 | forth herein.

15 |     57. At all times mentioned herein, California Government Code Sections 12940, et seq.,
16 | including but not limited to Sections 12940 (j) and (k), were in full force and effect and were
17 | binding upon Defendants and each of them.  These sections impose on an employer a duty to
18 | take immediate and appropriate corrective action to end discrimination and harassment and take
19 | all reasonable steps necessary to prevent discrimination from occurring, among other things.

20 |     58. Defendants violated Government Code § 12940 (j) and (k) by failing to adequately
21 | supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as
22 | described herein.

23 |     59. Defendants failed to fulfill their statutory duty to timely take immediate and
24 | appropriate corrective action to end the discrimination and harassment and also failed to take all
25 | reasonable steps necessary to prevent the discrimination from occurring.

26 |     60. In failing and/or refusing to take immediate and appropriate corrective action to end
27 | the discrimination and harassment, and in failing and/or refusing to take and or all reasonable

28 |

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1 | steps necessary to discrimination and harassment from occurring, Defendants violated

2 | Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

3 |      61. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

4 | has suffered actual, consequential and incidental financial losses, including without limitation,

5 | loss of salary and benefits, and the intangible loss of employment related opportunities in her

6 | field and damage to her professional reputation, all in an amount subject to proof at the time of

7 | trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

8 | and/or any other provision of law providing for prejudgment interest.

9 |      62. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

10 | has suffered and continues to suffer emotional distress, humiliation, mental anguish and

11 | embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

12 | believes and thereupon alleges that she will continue to experience said physical and emotional

13 | suffering for a period in the future not presently ascertainable, all in an amount subject to proof

14 | at the time of trial.

15 |      63. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

16 | has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected

17 | to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

18 | recover attorneys' fees and costs under Government Code § 12965(b).

19 |      64. Defendants had in place policies and procedures that specifically prohibited and

20 | required Defendants' managers, officers, and agents to prevent disability discrimination, against

21 | and upon employees of Defendants.  Managers, officers, and/or agents of Defendants were aware

22 | of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to

23 | prevent, and investigate, disability discrimination against and upon employees of Defendants.

24 | However, Defendants  chose to consciously and willfully ignore said policies and procedures and

25 | therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done

26 | in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant

27 | to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired

28 | to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded

11

COMPLAINT

exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

<div align="center">

**THIRD CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF**

**GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)**

**(Against TARGET and DOES 1 through 50)**

</div>

65. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

66. At all times herein mentioned, California Government Code §§ 12940 *et seq.* were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

67. Although Defendants knew of Plaintiff's disabilities, Defendants failed to provide reasonable accommodations for Plaintiff's disabilities in direct violation of Government Code § 12940.

68. Defendants could have accommodated Plaintiff without suffering undue hardship, but chose to terminate her instead.

69. Substantial motivating factors in Plaintiff's termination were her actual and/or perceived disabilities. At the time of her termination, Defendants perceived Plaintiff to be disabled.

70. Plaintiff was capable of performing the essential functions of open positions within Defendant's organization. However, Defendant and its agents failed to engage in a timely, good faith interactive process in good faith with Plaintiff, and failed to communicate with Plaintiff regarding any possible accommodations.

71. Plaintiff is informed and believes and based thereon alleges, that Defendant could have provided reasonable accommodations to Plaintiff without suffering undue hardship, but chose to terminate her instead.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

72. Plaintiff alleges that she could have fully performed all essential duties and functions of open jobs that Defendants had available, in an adequate, satisfactory and/or outstanding manner.

73. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

74. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

75. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(b).

76. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability discrimination against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, disability discrimination against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired

1  to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded

2  exemplary and punitive damages against each Defendant in an amount to be established that is

3  appropriate to punish each Defendant and deter others from engaging in such conduct.

4      77. Plaintiff is informed and believes, and based thereon alleges that Defendants and their

5  managers, officers, and managing agents had a pattern and practice of wrongfully terminating

6  employees who were disabled so that Defendants did not have to accommodate them. Plaintiff

7  should, therefore, be awarded exemplary and punitive damages against each Defendant in an

8  amount to be established that is appropriate to punish each Defendant and deter others from

9  engaging in such conduct.

### FOURTH CAUSE OF ACTION

### DISCRIMINATION BASED ON RELIGION

### IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.*

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

### (Against TARGET and DOES 1 through 50)

15     78. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

16  forth herein.

17     79. At all times herein mentioned, California Government Code §§ 12940 *et seq.* were in

18  full force and effect and were binding on Defendants and each of them, as Defendants regularly

19  employed five (5) or more persons.

20     80. The FEHA makes it an unlawful employment practice for an employer to discharge

21  or discriminate against an employee in the terms conditions, and privileges of employment

22  because of her religion.  Cal. Gov't Code § 12940.  The FEHA also makes it unlawful

23  discrimination for an employer to fail to hire or terminate an employee in order to avoid

24  accommodating a religion. Cal. Gov't Code § 11062.

25     81. Furthermore, it is an unlawful employment practice under the FEHA for an employer

26  to discriminate or retaliate against a person for requesting reasonable accommodation based on

27  religion, regardless of whether the employer granted the request. *Cal. Gov't Code § § 11062(d).*

28

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

82. Defendants discriminated against Plaintiff in violation of the FEHA when they terminated Plaintiff because of her religion, religious beliefs, and her requests for reasonable accommodations based on her religion.

83. Plaintiff is a Muslim who practices Islam. Plaintiff was a practicing Muslim throughout the entirety of her employment with Defendant Target. In accordance with her religious beliefs and as a part of the exercise of her religion, Plaintiff engaged in prayer five times per day at specific times. Plaintiff is informed and believes, and based thereon alleges, that she was the only practicing Muslim on her shifts at Target.

84. Plaintiff's religious practice required her to engage in prayers five times per day at the specific times of dawn, midday, late afternoon, just after sunset, and between sunset and midnight.Upon her hire, Plaintiff requested that Defendant Target accommodate her religious practice by permitting her to take prayer breaks of several minutes approximately two times per day during her shifts.

85. Rather than initiating steps toward accommodating her religious practice, Defendants regularly denied Plaintiff's requests to take prayer breaks, and regularly asked Plaintiff to pray at home.

86. Defendants could have provided reasonable accommodations to Plaintiff without suffering undue hardship, but chose to deny her accommodations. Defendants did not attempt to reasonably accommodate Plaintiff's religion and religious beliefs. Defendants' refusal to accommodate Plaintiff's religious practice continued throughout her employment, up to and including through her wrongful termination.

87. As a result of Defendants' discriminatory refusal to accommodate Plaintiff's religious observation, she experienced severe emotional distress. Defendants also regularly made disparaging remarks to Plaintiff regarding her religion. On one occasion, Defendant Monica told Plaintiff: "You can't pray here. You're wasting time and you're stealing Target's hours." On another occasion, Defendant Heather and Defendant Nikki interrupted client as she was praying and told her: "Can you do it at home?"

88. Beginning in or around 2018 and continuing through her wrongful termination, Defendant Monica, Defendant Heather, and Defendant Nikki subjected Plaintiff to a barrage of harassing conduct.  When Plaintiff showed up to the Target store for her shift, Defendant Monica and Defendant Heather often took Plaintiff off the schedule at the last minute and sent her home without pay. Plaintiff is informed and believes, and based thereon alleges, that Defendants took her off the schedule and sent her home due to animus for her actual/perceived religion and in retaliation for her requests for accommodations related to her religious practice.

89. In or around late 2018, Defendant Target and Defendants Heather, Monica and Nikki began reducing Plaintiff's hours.  On one occasion, Defendant Target took Plaintiff off of the store schedule completely.  Plaintiff is informed and believes, and based thereon alleges, that Defendants reduced her work hours due to animus for her actual/perceived religion and in retaliation for her requests for accommodations related to her religious practice.

90. Defendants' harassing conduct and comments based on Plaintiff's religion and religious practice were severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive. Defendants' conduct interfered with Plaintiff's work performance and seriously affected her psychological well-being. Plaintiff was deeply upset by Defendants' harassing conduct, and considered her work environment to be intimidating, hostile and abusive.

91. On or about April 7, 2019, Defendant terminated Plaintiff for pretextual reasons. Substantial motivating factors in Plaintiff's termination were her religion, retaliatory animus for her requests for accommodations for her religious practice, her actual/perceived disability, and her request for time off related to her disability.

92. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

93. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

94. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

95. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent religious discrimination, retaliation, and harassment based on religion against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, religious discrimination, retaliation, and harassment based on religion against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

96. Plaintiff is informed and believes, and based thereon alleges that Defendants and their managers, officers, and managing agents had a pattern and practice of wrongfully terminating employees who requested reasonable accommodations based on their religion so that Defendants did not have to accommodate them. Plaintiff should, therefore, be awarded exemplary and

17

COMPLAINT

1    punitive damages against each Defendant in an amount to be established that is appropriate to

2    punish each Defendant and deter others from engaging in such conduct.

### FIFTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE RELIGIOUS PRACTICE

### IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.*

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

### (Against TARGET and DOES 1 through 50)

8    97. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

9    forth herein.

10    98. At all times herein mentioned, California Government Code §§ 12940 *et seq*. were in

11    full force and effect and were binding on Defendants and each of them, as Defendants regularly

12    employed five (5) or more persons.

13    99. The FEHA makes it an unlawful employment practice for an employer to discharge

14    or discriminate against an employee in the terms conditions, and privileges of employment

15    because of her religion.  Cal. Gov't Code § 12940.

16    100. Under the FEHA, an employer has an affirmative duty to accommodate an

17    employee's religious creed unless doing so would result in an undue hardship.  This duty

18    includes accommodating an employee's observance of a Sabbath or other religious holy day or

19    days, and reasonable time necessary for travel prior and subsequent to a religious observance.

20    Cal. Gov't. Code § 12940(l).

21    101. As a result of Plaintiff's religious practice/beliefs, Plaintiff requested from

22    Defendant reasonable accommodations in the form of taking prayer breaks.

23    102. Defendants violated the FEHA when, rather than initiating steps toward

24    accommodating her religious practice, Defendants denied Plaintiff's requests.

25    103. Accommodating Plaintiff's religious practice would not have caused Defendant

26    Target any undue hardship.

27

28

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

104. Defendant Target did reasonably accommodate Plaintiff's religious practice. Instead, Defendant Target denied Plaintiff's requests for accommodations and then terminated her.

105. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

106. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

107. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

108. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent religious discrimination, retaliation, and harassment based on religion against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, religious discrimination, retaliation, and harassment based on religion against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1   and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in,

2   authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff

3   should, therefore, be awarded exemplary and punitive damages against each Defendant in an

4   amount to be established that is appropriate to punish each Defendant and deter others from

5   engaging in such conduct.

6         109. Plaintiff is informed and believes, and based thereon alleges that Defendants and

7   their managers, officers, and managing agents had a pattern and practice of failing to

8   accommodate employees who requested reasonable accommodations based on their religion.

9   Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant

10   in an amount to be established that is appropriate to punish each Defendant and deter others from

11   engaging in such conduct.

12                   **SIXTH CAUSE OF ACTION**

13      **HARASSMENT IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.***

14      **(Against TARGET, MONICA DOE, NIKKI DOE, HEATHER DOE, and**

15                   **DOES 1 through 50)**

16         110. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

17   forth herein.

18         111. At all times herein mentioned, Government Code § 12940, *et seq.*, was in

19   full force and effect and was binding on Defendants, as Defendants regularly employed five (5)

20   or more persons.

21         112. Under the Fair Employment and Housing Act ("FEHA"), Government Code §§

22   12940, *et seq.*, it is an unlawful employment practice for an employer to harass an employee

23   because of an employee's religion/religious practice.

24         113. Plaintiff is a Muslim who practices Islam.  Plaintiff was a practicing Muslim

25   throughout the entirety of her employment with Defendant Target.  In accordance with her

26   religious beliefs and as a part of the exercise of her religion, Plaintiff engaged in prayer five

27   times per day at specific times.

28

1    114. Plaintiff is informed and believes, and based thereon alleges, that she was the only

2    practicing Muslim on her shifts at Target. Plaintiff's religious practice required her to engage in

3    prayers five times per day at the specific times of dawn, midday, late afternoon, just after sunset,

4    and between sunset and midnight. Upon her hire, Plaintiff requested that Defendant Target

5    accommodate her religious practice by permitting her to take prayer breaks of several minutes

6    approximately two times per day during her shifts.

7    115. Rather than initiating steps toward accommodating her religious practice,

8    Defendants regularly denied Plaintiff's requests to take prayer breaks, and regularly asked

9    Plaintiff to pray at home. Defendants could have provided reasonable accommodations to

10    Plaintiff without suffering undue hardship, but chose to deny her accommodations.  Defendants

11    did not attempt to reasonably accommodate Plaintiff's religion and religious beliefs.

12    116. Defendants' refusal to accommodate Plaintiff's religious practice continued

13    throughout her employment, up to and including through her wrongful termination. As a result of

14    Defendants' discriminatory refusal to accommodate Plaintiff's religious observation, she

15    experienced severe emotional distress.

16    117. Defendants also regularly made disparaging remarks to Plaintiff regarding her

17    religion.  On one occasion, Defendant Monica told Plaintiff: "You can't pray here. You're

18    wasting time and you're stealing Target's hours." On another occasion, Defendant Heather and

19    Defendant Nikki interrupted client as she was praying and told her: "Can you do it at home?"

20    118. Beginning in or around 2018 and continuing through her wrongful termination,

21    Defendant Monica, Defendant Heather, and Defendant Nikki subjected Plaintiff to a barrage of

22    harassing conduct.  When Plaintiff showed up to the Target store for her shift, Defendant Monica

23    and Defendant Heather often took Plaintiff off the schedule at the last minute and sent her home

24    without pay. Plaintiff is informed and believes, and based thereon alleges, that Defendants took

25    her off the schedule and sent her home due to animus for her actual/perceived religion and in

26    retaliation for her requests for accommodations related to her religious practice.

27    119. In or around late 2018, Defendant Target and Defendants Heather, Monica and

28    Nikki  began reducing Plaintiff's hours. On one occasion, Defendant Target took Plaintiff off of

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

21

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1  the store schedule completely.  Plaintiff is informed and believes, and based thereon alleges, that

2  Defendants reduced her work hours due to animus for her actual/perceived religion and in

3  retaliation for her requests for accommodations related to her religious practice.

4      120. Defendants' harassing conduct and comments based on Plaintiff's religion and

5  religious practice were severe and/or pervasive enough to create a work environment that a

6  reasonable person would consider intimidating, hostile, or abusive. Defendants' conduct

7  interfered with Plaintiff's work performance and seriously affected her psychological well-being.

8  Plaintiff was deeply upset by Defendants' harassing conduct, and considered her work

9  environment to be intimidating, hostile and abusive.   On or about April 7, 2019, Defendant

10  terminated Plaintiff for pretextual reasons.  Substantial motivating factors in Plaintiff's

11  termination were her religion, retaliatory animus for her requests for accommodations for her

12  religious practice, her actual/perceived disability, and her request for time off related to her

13  disability.

14      121. The conduct of Defendants, as herein described above, constitutes harassment, in

15  violation of Government Code § 12940(j).  The harassment complained of was sufficiently

16  severe and/or pervasive so as to alter the conditions of Plaintiff's employment and create an

17  abusive working environment.

18      122. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

19  actual, consequential and incidental financial losses, including without limitation, loss of salary

20  and benefits, and the intangible loss of employment related opportunities in her field and damage

21  to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff

22  claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other

23  provision of law providing for prejudgment interest.

24      123. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

25  continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

26  as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereon

27  alleges that she will continue to experience said physical and emotional suffering for a period in

28  the future not presently ascertainable, all in an amount subject to proof at the time of trial.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

124. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(b).

<div align="center">

**SEVENTH CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

**IN VIOLATION OF GOVT. CODE §§ 12940 ET SEQ. (FEHA)**

**(Against TARGET and DOES 1 through 50)**

</div>

125. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

126. Government Code § 12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

127. Defendant Target failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's actual and/or perceived disabilities. Instead, Defendant Target terminated her.

128. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

129. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

1    130. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

2  has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected

3  to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

4  recover attorneys' fees and costs under Government Code § 12965(b).

5    131. Defendants had in place policies and procedures that specifically prohibited and

6  required Defendants' managers, officers, and agents to prevent disability discrimination against

7  and upon employees of Defendants.  Managers, officers, and/or agents of Defendants were aware

8  of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to

9  prevent, and investigate, disability discrimination against and upon employees of Defendants.

10  However, Defendants  chose to consciously and willfully ignore said policies and procedures and

11  therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done

12  in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant

13  to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired

14  to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded

15  exemplary and punitive damages against each Defendant in an amount to be established that is

16  appropriate to punish each Defendant and deter others from engaging in such conduct.

17  <div align="center">**EIGHTH CAUSE OF ACTION**</div>

18  <div align="center">**RETALIATION IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.***</div>

19  <div align="center">**[FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]**</div>

20  <div align="center">**(Against TARGET and DOES 1 through 50)**</div>

21    132. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

22  forth herein.

23    133. California Government Code § 12940(h) makes it unlawful for any person to

24  retaliate against an employee who has engaged in protected activity under the FEHA, including

25  including requesting reasonable accommodations related to an employee's disability and/or

26  medical condition.

27    134. At all times herein mentioned, California Government Code § 12940 et seq., was in

28

<div align="center">24</div>
<div align="center">COMPLAINT</div>

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1  full force and effect and was binding on Defendants, as Defendants regularly employed five (5)

2  or more persons.

3      135. On or about April 7, 2019, Defendant terminated Plaintiff for pretextual reasons.

4  Substantial motivating factors in Plaintiff's termination were her religion, retaliatory animus for

5  her requests for accommodations for her religious practice, her actual/perceived disability, and

6  her requests for accommodations related to her disability.

7      136.  Defendants' conduct, as alleged above, constituted unlawful retaliation in violation

8  of California Government Code § 12940(h).

9      137. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

10  has suffered actual, consequential and incidental financial losses, including without limitation,

11  loss of salary and benefits, and the intangible loss of employment related opportunities in her

12  field and damage to her professional reputation, all in an amount subject to proof at the time of

13  trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

14  and/or any other provision of law providing for prejudgment interest.

15      138. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

16  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

17  embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

18  believes and thereupon alleges that She will continue to experience said physical and emotional

19  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

20  at the time of trial.

21      139.  As a proximate result of the wrongful acts of Defendants, and each of them,

22  Plaintiff has been forced to hire attorneys to prosecute hER claims herein, and has incurred and

23  is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is

24  entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

25      140. Defendants had in place policies and procedures that specifically prohibited and

26  required Defendants' managers, officers, and agents to prevent retaliation for complaints of

27  discrimination and harassment against and upon employees of Defendants. Defendants'

28  managers, officers, and/or agents were aware of Defendants' policies and procedures requiring

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1   Defendants' managers, officers, and agents to prevent retaliation for complaints of

2   discrimination and harassment / requesting reasonable accommodations against and upon

3   employees of Defendants. However, Defendants' managers, officers, and agents chose to

4   consciously and willfully ignore said policies and procedures and therefore, their outrageous

5   conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights

6   of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided,

7   abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct

8   alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against

9   each Defendant in an amount to be established that is appropriate to punish each Defendant and

10  deter others from engaging in such conduct.

11                          **NINTH CAUSE OF ACTION**

12      **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

13                      **(Against TARGET and DOES 1 through 50)**

14      141. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth at

15  this place.

16      142. At all times herein mentioned, California Government Code §§ 12940 *et seq.* were

17  in full force and effect and were binding on Defendants and each of them, as Defendants

18  regularly employed five (5) or more persons. Under the Fair Employment and Housing Act

19  ("FEHA"), Government Code §§ 12940 *e. seq.*, it is an unlawful employment practice for an

20  employer because of their religion, religious practice, or actual and/or perceived disability, to

21  discharge the person from employment, or to discriminate against the person in compensation or

22  in terms, conditions, or privileges of employment. California Government Code § 12940(h)

23  makes it unlawful for any employer to terminate an employee on account of their actual or

24  perceived disability.

25      143. At all times mentioned, the public policy of the State of California, as codified,

26  expressed and mandated in Government Code §§ 12940, *et seq.*, is to prohibit employers from

27  discriminating, against any individual on the basis of her religion/religious practice, or actual

28  and/or perceived disability as identified in California Government Code § 12940(a)-(o). This

26

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1  public policy of the State of California is designed to protect all employees and to promote the

2  welfare and well-being of the community at large.  Accordingly, the actions of Defendants, and

3  each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful

4  and in contravention of the express public policy of the State of California, to wit, the policy set

5  forth in Government Code §§ 12940, *et seq.*, and the laws and regulations promulgated

6  thereunder.

7  144. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

8  has suffered actual, consequential and incidental financial losses, including without limitation,

9  loss of salary and benefits, and the intangible loss of employment related opportunities in her

10  field and damage to her professional reputation, all in an amount subject to proof at the time of

11  trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

12  and/or any other provision of law providing for prejudgment interest.

13  145. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

14  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

15  embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

16  believes and thereupon alleges that she will continue to experience said physical and emotional

17  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

18  at the time of trial.

19  146. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

20  has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected

21  to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

22  recover attorneys' fees and costs under California Government Code § 12965(b).

23  147. Defendants had in place policies and procedures that specifically required

24  Defendant's managers, officers, and agents to prevent discrimination based on actual/perceived

25  disability against and upon employees of Defendants.  However, Defendants chose to

26  consciously and willfully ignore said policies and procedures and therefore, their outrageous

27  conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights

28  of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Defendants also had a

pattern and practice of discriminating against employees on the basis of their actual/perceived disability.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

<div align="center">

**TENTH CAUSE OF ACTION**

**FAILURE TO ALLOW REST BREAKS**

**IN VIOLATION OF CALIFORNIA LABOR CODE §§226.7, 512, AND 558**

**(Against TARGET and DOES 1 through 50)**

</div>

148. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

149. California Labor Code § 226.7 states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission" and additionally, that "[i]f an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

150. During the relevant time period, Defendant Target willfully required Plaintiff to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  Defendants also had no policy and/or practice to pay a premium when rest periods were missed, and thus failed to pay Plaintiff the full rest period premiums due to her.

151. As such, Plaintiff did not receive ten (10) minute rest periods for every four (4) hours of work or major fraction thereof, as mandated by the California Labor Code and the Industrial Welfare Commission.  Furthermore, Plaintiff and aggrieved employees did not receive compensation at the rate of one hour's pay for each day she was deprived of her rest period(s).

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1    152. Based on Defendant's conduct as alleged herein, Defendant Target is liable for

2    statutory penalties pursuant to California Labor Code § 226.7 for its violations of the Industrial

3    Welfare Commission (IWC) wage orders regarding rest periods.

### ELEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS

### IN VIOLATION OF CAL. LABOR CODE § 226(a)

**(Against TARGET and DOES 1 through 50)**

8    153. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

9    forth herein

10    154. At all material times set forth herein, California Labor Code section 226(a) provides

11    that every employer shall furnish each of his or her employees an accurate itemized wage

12    statement in writing showing nine pieces of information, including all applicable hourly rates,

13    and total hours worked, among other things.

14    155. Defendants have intentionally and willfully failed to provide Plaintiff with complete

15    and accurate wage statements.  The deficiencies include, among other things, the failure to state

16    all hours worked, and the failure to state all wages owed, including wages for rest break

17    premiums.

18    156. As a result of Defendants' violation of California Labor Code section 226(a),

19    Plaintiff has suffered injury and damage to her statutorily-protected rights.

20    157. Specifically, Plaintiff has been injured by Defendant's intentional violation of

21    California Labor Code section 226(a) because she was denied her legal right in receiving

22    accurate, itemized wage statements under Labor Code §226(a).

23    158. Plaintiff is entitled to recover penalties from Defendant, including the greater of her

24    actual damages caused by Defendant's failure to comply with California Labor Code section

25    226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000). Plaintiff is also

26    entitled to recover from Defendants her damages caused by Defendant's failure to comply with

27    California Labor Code section 226(a).

28    //

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

**TWELFTH CAUSE OF ACTION**

**WAITING TIME PENALTIES (CAL. LABOR CODE §§ 201 through 203)**

**(Against TARGET and DOES 1 through 50)**

159. Plaintiff incorporates all preceding paragraphs inclusive, of this Complaint as if fully set forth at this place.

160. At all times herein mentioned, California Labor Code §§ 201 – 203 were in full force and effect and were binding on Defendant.  Labor Code § 201 requires the immediate payment of wages earned and unpaid at the time of an employee's discharge or layoff.

161. Labor Code § 203, subdivision (a), states that if an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 and 202, *inter alia*, any wages of an employee who is discharged or who quits, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Labor Code § 203, subdivision (b), states: "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise."

162. Defendant Target failed to pay Plaintiff her earned wages, including her rest break premiums, immediately upon her termination, as required by Labor Code § 201.  Defendant's failure to pay Plaintiff her earned wages continues to the present. Based on Defendant's conduct as alleged herein, Defendant Target is liable to Plaintiff for statutory penalties pursuant to California Labor Code § 203.

163. Plaintiff is therefore entitled to recover from Defendant the statutory penalty wage for each day she was not paid, up to a thirty (30) day maximum, pursuant to California Labor Code § 203.

//
//
//
//
//

30

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

## THIRTEENTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

### (Against TARGET and DOES 1 through 50)

164. Plaintiff restates and incorporates all preceding paragraphs of this Complaint by reference as if fully set forth herein.

165. Plaintiff hereby brings a claim for Unfair Business Practices against Defendants pursuant to California Business and Professions Code §§ 17200, *et seq.* The conduct of these Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

166. California Business and Professions Code §§ 17200, et seq., prohibit unlawful and unfair business practices. Plaintiff is a "person" within the meaning of California Business and Professions Code §17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable remedies.

167. California Labor Code § 90.5(a) articulates the public policies of this state to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

168. Through the conduct alleged in this Complaint, each of these Defendants has acted contrary to these public policies, has violated specific provisions of the California Labor Code, and has engaged in other unlawful and unfair business practices in violation of California Business and Profession Code §§ 17200, *et seq.*, depriving Plaintiff of rights, benefits, and privileges guaranteed to all employees under the law.

169. Defendant Target's conduct, as alleged hereinabove, constituted unfair competition in violation of sections 17200, *et seq.*

31

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1    170. Defendant, by engaging in the conduct herein alleged, by failing to pay Plaintiff her rest

2    period premiums, either knew or in the exercise of reasonable care should have known that the

3    conduct was unlawful.

4    171. As a proximate result of the above mentioned acts of these Defendants, Plaintiff is

5    entitled to restitution for all of Defendant's ill-gotten gains.

6    172. Unless restrained by this Court, these Defendant will continue to engage in the

7    unlawful conduct as alleged above.  Pursuant to the California Business and Professions Code,

8    this Court should make such orders or judgments, including the appointment of a receiver, as

9    may be necessary to prevent the use or employment, by these Defendant, its agents or

10   employees, of any unlawful or deceptive business practice, disgorgement of profits which may

11   be necessary to restore to Plaintiff and Defendant's clients the money these Defendants have

12   unlawfully failed to pay them.

13   173. Plaintiff further seeks attorney's fees pursuant to California Code of Civil Procedure

14   § 1021.5.

15

16

17                                    **PRAYER FOR RELIEF**

18   WHEREFORE, Plaintiff prays for judgment as follows:

19        1.    For general damages, according to proof;

20        2.    For special damages, according to proof;

21        3.    For loss of earnings, according to proof;

22        4.    For statutory penalties for wage and hour violations;

23        5.    For declaratory relief, according to proof;

24        6.    For injunctive relief, according to proof;

25        7.    For attorneys' fees, according to proof;

26        8.    For prejudgment interest, according to proof;

27        9.    For punitive and exemplary damages, according to proof;

28        10.   For costs of suit incurred herein;

                                              32
                                          COMPLAINT

11. For all equitable relief recoverable pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203; and

12. For such other relief that the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial

DATED:     April 28, 2020                JML LAW, A Professional Law Corporation

By: _____

JOSEPH M. LOVRETOVICH

ERIC M. GRUZEN

CHRISTINA R. MANALO

Attorneys for Plaintiff

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

33
COMPLAINT

20CV366333
Santa Clara – Civil

**ATTACHMENT CV-5012** Hernandez

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER:  20CV366333

---

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

    **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   *You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

Folan, Maureen A

Your Case Management Judge is: _____  **Department:** 6 _____

The 1st CMC is scheduled for: (Completed by Clerk of Court)

Date: 9-1-2020    Time: 1 30 PM   in Department: 6 _____

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____ Time: _____ in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Joseph M. Lovretovich; Eric M. Gruzen; Christina R. Manalo (73403; 222448; 297718)<br>JML LAW, APLC<br>5855 Topanga Canyon Boulevard, Suite 300<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 610-8800      FAX NO.: (818) 610-3030<br>ATTORNEY FOR *(Name):* Plaintiff, KHADIJA YOUSAFZAI | **FOR COURT USE ONLY**<br><br>**Electronically Filed by Superior Court of CA, County of Santa Clara, on 4/28/2020 4:49 PM Reviewed By: R. Tien Case #20CV366333 Envelope: 4292807** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: SANTA CLARA - DOWNTOWN

CASE NAME:
Yousafzai v. Target Corporation, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 20CV366333 |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount         (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 13
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 4/28/2020

Eric M. Gruzen; Christina R. Manalo
_____
(TYPE OR PRINT NAME)

▶ *Christina R Manalo*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

# EXHIBIT 2

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Joseph M. Lovretovich \| SBN: Bar No. 73403<br>JML LAW<br>5855 Topanga Canyon Blvd.  Suite 300 Woodland Hills, CA 91367<br><br>TELEPHONE NO.: (818) 610-8800 \| FAX NO. (818) 610-3030 \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: | System System |

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 5/29/2020 2:45 PM
Reviewed By: System System
Case #20CV366333
Envelope: 4393829**

**SANTA CLARA SUPERIOR COURT**

STREET ADDRESS: 191 N. FIRST ST.

MAILING ADDRESS:

CITY AND ZIP CODE: SAN JOSE, CA 95113

BRANCH NAME: CIVIL-NORTH & CENTRAL COUNTY

PLAINTIFF:  Khadija Yousafzai, etc.

DEFENDANT:  Target Corporation, etc., et al

CASE NUMBER:

20CV366333

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:  Y38-SF |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*:  **Civil Case Cover Sheet; Civil Lawsuit Notice**

3. a. Party served *(specify name of party as shown on documents served)*:
   **Target Corporation, Minnestoa corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **GABRIELA SANCHEZ (CT CORPORATION SYSTEM) - Agent for Service of Process**

4. Address where the party was served:  **818 W SEVENTH STREET,  SUITE 930
   LOS ANGELES, CA 90017**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **5/15/2020**   (2) at *(time)*: **12:45 PM**

   b. ☐ **by substituted service.** On *(date)*: at  *(time)*: I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date)*: from *(city)*:                    or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS010-1/780072

| PETITIONER:  Khadija Yousafzal, etc. | CASE NUMBER: |
|---|---|
| RESPONDENT:  Target Corporation, etc., et al | 20CV366333 |

c. ☐ **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in item 2 to the party, to the address
   shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                    (2) from *(city):*

    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.
   *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐   Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐   as an individual defendant.
  b. ☐   as the person sued under the fictitious name of  *(specify):*
  c. ☐   as occupant.
  d. ☑   On behalf of  *(specify):*  **Target Corporation, Minnestoa corporation**
     under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| | ☐  other: |

7. **Person who served papers**
  a. Name:  **Victor Mendez - All-N-One Legal Support, Inc.**
  b. Address:  **1541 Wilshire Blvd, Suite 405  Los Angeles, CA 90017**
  c. Telephone number:  **(213) 202-3990**
  d. **The fee** for service was: **$ 78.00**
  e. I am:

    (1) ☐   not a registered California process server.
    (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑   registered California process server:
       (i) ☐  owner     ☐  employee     ☑  independent contractor.
       (ii) Registration No.:  **3428**
       (iii) County:  **Los Angeles**

8. ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   **or**

9. ☐  **I am a California sheriff or marshal and I** certify that the foregoing is true and correct.

Date: **5/20/2020**

**All-N-One Legal Support, Inc.**
**1541 Wilshire Blvd, Suite 405**
**Los Angeles, CA 90017**
**(213) 202-3990**
**www.allnonelegal.com**

| **Victor Mendez** | ► | |
|---|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | | (SIGNATURE) |

**PROOF OF SERVICE OF SUMMONS**

# EXHIBIT 3

1   Elizabeth A. Falcone, CA Bar No. 219084
    elizabeth.falcone@ogletree.com
2   OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C.
3   The KOIN Center
    222 SW Columbia Street, Suite 1500
4   Portland, OR  97201
    Telephone:    503.552.2140
5   Facsimile:     503.224.4518

6   Attorneys for Defendant
    TARGET CORPORATION
7

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 5/29/2020 4:25 PM
Reviewed By: P. Lai
Case #20CV366333
Envelope: 4394767**

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF SANTA CLARA - DOWNTOWN**

10

11  KHADIJA YOUSAFZAI, an individual;          Case No. 20CV366333

12              Plaintiff,                     **DEFENDANT TARGET
                                              CORPORATION'S ANSWER AND
13        vs.                                  AFFIRMATIVE DEFENSES TO
                                              PLAINTIFF'S COMPLAINT**
14  TARGET CORPORATION, a Minnesota
    corporation, MONICA DOE, an individual;
15  NIKKI DOE, an individual; HEATHER DOE,
    an individual; and DOES 1 through 50,
16  inclusive;                                 Action Filed:    April 28, 2020
                                              Trial Date:      Not Set
17              Defendants.

18

19

20        Defendant Target Corporation ("Target"), for itself and itself alone, hereby answers the

21  unverified Complaint filed by Plaintiff Khadija Yousafzai as follows:

22                                           **I.**

23                                  **GENERAL DENIAL**

24        Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), Target

25  denies, generally and specifically, each and every allegation contained in the Complaint, and

26  further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any

27  other amount, or at all, by reason of any act or omission on the part of Target, or by any act or

28

---

DEFENDANT TARGET CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

omission by any agent or employee of Target.  Target further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## II.

### AFFIRMATIVE DEFENSES

Without admitting that it carries the burden of proof as to any of the issues raised thereby, Target asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each purported cause of action therein and prays for judgment as set forth below.

Target also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Target reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

### First Affirmative Defense

### (Failure to State a Cause of Action)

The Complaint and each purported cause of action alleged therein fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

### Second Affirmative Defense

### (Statutes of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure Sections 335.1, 338, 340, 343, and/or California Government Code Section 12940, *et seq.*; California Labor Code Sections 201, 202, 203, 226, 512, and 558; and California Business and Professions Code Section 17200, *et seq.*

### Third Affirmative Defense

### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims are barred, in whole or in part, to the extent she failed to timely and properly exhaust her administrative remedies.

### Fourth Affirmative Defense

**(Unclean Hands)**

Plaintiff's causes of action are barred, in whole or in part, pursuant to the doctrine of "unclean hands" to the extent that Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries Plaintiff allegedly suffered, if any such conduct is discovered by Target through discovery.

### Fifth Affirmative Defense

**(Waiver)**

Plaintiff's recovery in this action is barred, in whole or in part, by the doctrine of waiver.

### Sixth Affirmative Defense

**(Estoppel)**

Plaintiff's recovery in this action is barred, in whole or in part, by the doctrine of estoppel. To the extent Plaintiff failed to accurately report her hours worked, her claims are barred by the doctrine of equitable estoppel.  Plaintiff's purported claims set forth in the Complaint are also barred, in whole or in part, by the doctrine of estoppel in that, *inter alia*, Plaintiff through her actions and representations led Target to believe that she was properly paid and received all wages to which she was legally entitled.

### Seventh Affirmative Defense

**(Workers' Compensation Exclusivity)**

Any and all claims by Plaintiff for damages for emotional, mental, and/or physical distress or injury, are preempted by the Workers' Compensation Act, California Labor Code Section 3200, *et seq.*, as the alleged injuries arose as a result of and in the course and scope of her employment.

### Eighth Affirmative Defense

**(Third-Party Liability)**

Any alleged emotional, mental, and/or physical injury suffered by Plaintiff was proximately caused, in whole or in part, by the acts and/or omissions of persons and entities other than Target,

including the acts and omissions of Plaintiff herself.  Accordingly, Target is entitled to an

allocation of any and all non-economic damages pursuant to California Civil Code Section 1431.2.

### Ninth Affirmative Defense

### (Comparative Fault)

Target is informed and believes and, upon such information and belief, alleges that the

damage and injury, if any, allegedly suffered by Plaintiff was directly and proximately caused

and/or contributed to by Plaintiff's own negligence and comparative fault, or the negligence and

fault of other persons and entities and, therefore, Plaintiff's recovery, if any there be against Target,

should be offset, diminished, and reduced in accord with the principles of comparative fault.

### Tenth Affirmative Defense

### (Legitimate, Nondiscriminatory, Nonretaliatory Reasons)

All decisions regarding or affecting Plaintiff's employment were based upon legitimate,

nondiscriminatory, nonretaliatory business reasons unrelated to any alleged protected status or

activity by Plaintiff.

### Eleventh Affirmative Defense

### (Same Decision)

Plaintiff's alleged protected activity was not a motivating factor in any employment

decisions pertaining to her, and Plaintiff's remedies are limited to the extent Target can show it

would have taken the same actions, if any, in the absence of any alleged impermissible factor.

### Twelfth Affirmative Defense

### (After-Acquired Evidence)

The Complaint and each cause of action alleged therein are barred by the after-acquired

evidence doctrine.

**Thirteenth Affirmative Defense**

**(Reasonable Care/*McGinnis*)**

Plaintiff's claims for damages are barred, in whole or in part, because Target exercised reasonable care to prevent and promptly correct any discriminatory, retaliatory, or harassing conduct or otherwise unlawful behavior including, but not limited to, promulgating anti-discrimination, anti-harassment, and anti-retaliation policies, and because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Target or to otherwise avoid any harm or damages alleged in the Complaint.

**Fourteenth Affirmative Defense**

**(Failure to Mitigate)**

Plaintiff, by the exercise of reasonable effort and/or care, could have mitigated the amount of damages alleged to have been suffered, but Plaintiff has failed, neglected, and refused, and continues to fail, neglect, and refuse, to exercise a reasonable effort to mitigate the damages.

**Fifteenth Affirmative Defense**

**(Facts Alleged Insufficient to Support Claim for Punitive Damages)**

Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages or to show that Target engaged in oppressive, fraudulent, or malicious conduct.

**Sixteenth Affirmative Defense**

**(Constitutionality)**

Any and all claims for punitive or exemplary damages set forth in the Complaint violate the Eighth and Fourteenth Amendments of the United States Constitution.

**Seventeenth Affirmative Defense**

**(Punitive Damages Violate Procedural and Substantive Due Process)**

Given the facts underlying this dispute, any award of punitive or exemplary damages to Plaintiff would violate Target's rights to procedural due process and to substantive due process as

provided by the Fifth and the Fourteenth Amendments to the Constitution of the United States and by the Constitution of the State of California.

### Eighteenth Affirmative Defense

### (No Punitive Damages Available Against Target)

Plaintiff is not entitled to recover punitive or exemplary damages from Target for the alleged acts referred to in the Complaint under California Civil Code Section 3294 because the grounds that said acts, if any, were performed by an employee or third party of Target and that none of Target's officers, directors, or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Target or its officers, directors, or managing agents have advance knowledge of the unfitness, if any, of the employee or employees who allegedly committed said acts, nor did Target employ said employee with a conscious disregard of the rights or safety of others.

### Nineteenth Affirmative Defense

### (Failure to Engage in the Interactive Process)

Plaintiff failed to cooperate in the interactive process of reasonable accommodation, and any breakdown is due to Plaintiff's conduct and Plaintiff's alone.

### Twentieth Affirmative Defense

### (Undue Hardship)

Plaintiff's failure to accommodate claim is barred, in whole or in part, to the extent that any accommodation Plaintiff purportedly requested would have resulted in an undue hardship or undue burden to Target.

### Twenty-first Affirmative Defense

### (Laches)

The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of laches.

**Twenty-second Affirmative Defense**

**(Lack of Standing – Cal. Bus. & Prof. Code §§ 17200, *et seq*.)**

Plaintiff lacks standing to bring a cause of action based on California Business and Professions Code Section 17200, *et seq.* because her claims are individual in nature and no alleged act or omission of Target harmed or threatened to harm the public or the public interest.

**Twenty-third Affirmative Defense**

**(Adequate Remedy at Law)**

Plaintiff's cause of action based on California Business & Professions Code §§ 17200, *et seq.* is barred because there is an adequate remedy at law.

**Twenty-fourth Affirmative Defense**

**(Justification and Privilege)**

As a separate and affirmative defense to the Complaint, and to each purported claim for relief alleged therein, Target alleges that Target cannot be liable for any alleged violation of the California Labor Code or Business and Professions Code Section 17200, *et seq.* because Target's actions, conduct, and/or dealings with its employees were lawful and were carried out in good faith for legitimate business purposes.

**Twenty-fifth Affirmative Defense**

**(No Knowing, Intentional, and/or Willful Conduct)**

As a separate and affirmative defense to the Complaint, and to each purported claim for relief alleged therein by Plaintiff, Target alleges that Plaintiff is not entitled to any penalty award under any section of the California Labor Code because, at all relevant times, Target did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

**Twenty-sixth Affirmative Defense**

**(Excessive Fine)**

An award of penalties against Target (including with respect to, but not limited to, any such penalties awarded pursuant to California Labor Code §§ 203 and 226) under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Target's due process and other rights under the United States of California Constitutions.

**Twenty-seventh Affirmative Defense**

**(Good Faith Dispute)**

Plaintiff's claims for waiting time penalties under California Labor Code § 203 should be denied because a good faith dispute exists as to whether any wages are due.

**Twenty-eighth Affirmative Defense**

**(No Injury)**

As a separate and affirmative defense to the Complaint, and to each purported claim for relief alleged therein, Target alleges that Plaintiff's claims pursuant to California Labor Code § 226 are barred to the extent that Plaintiff suffered no injury.

**Twenty-ninth Affirmative Defense**

**(No Intentional Failure)**

As a separate and affirmative defense to the cause of action alleged in the Complaint by Plaintiff pursuant to California Labor Code Section 226, Target alleges that, even assuming *arguendo* Plaintiff was not provided with a proper itemized statement of wages and deductions, Plaintiff is not entitled to recover damages or penalties because Target's alleged failure to comply with California Labor Code Section 226(a) was not a "knowing and intentional failure" under California Labor Code Section 226(e).

**RESERVATION OF RIGHTS**

Target presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses, and reserves the right to assert

additional defenses in the event that discovery and/or investigation indicates that such defenses are appropriate.

<div align="center">

**PRAYER FOR RELIEF**

</div>

**WHEREFORE**, Target prays for judgment as follows:

1.    That Plaintiff takes nothing by the Complaint on file herein;

2.    That all requests for equitable relief of any kind be denied;

3.    That judgment be entered in favor of Target and against Plaintiff on all causes of action;

4.    That the Complaint herein be dismissed in its entirety with prejudice;

5.    That Target be awarded its costs of suit herein; and

6.    For such other and further relief as the Court deems just and proper.

DATED:  May 29, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: _____
      Elizabeth A. Falcone, CA Bar No. 219084
      elizabeth.falcone@ogletreedeakins.com

Attorneys for Defendant
TARGET CORPORATION

DEFENDANT TARGET CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

1
2

**PROOF OF SERVICE**
*Khadija Yousafzai v. Target Corporation*
Case No. 20CV366333

3

4

        I am and was at all times herein mentioned over the age of 18 years and not a party to the
action in which this service is made.  At all times herein mentioned I have been employed in the
office of a member of the bar of the State of California at whose direction the service was made.
My business address is 222 SW Columbia Street, Suite 1500, Portland, Oregon 97201.

5

6

        On May 29, 2020, I served the following document(s):

7

**DEFENDANT TARGET CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

8

9

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the
attached mailing list.

10

☐    **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated

11        by the express service carrier for collection and overnight delivery by following the
        ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Portland,
        Oregon.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s

12        practice for collecting and processing of correspondence for overnight delivery, said
        practice being that, in the ordinary course of business, correspondence for overnight

13        delivery is deposited with delivery fees paid or provided for at the carrier's express service
        offices for next-day delivery.

14

☒    **BY FACSIMILE:** I faxed the documents to the persons at the fax number listed below.

15        No error was reported by the fax machine that I used.

16

☒    **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary

17        business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash,
        Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.

18        On the same day that correspondence is placed for collection and mailing, it is deposited in
        the ordinary course of business with the United States Postal Service, in a sealed envelope

19        with postage fully prepaid.

20

☒    I declare that I am employed in the office of a member of the State Bar of this Court at
        whose direction the service was made.  I declare under penalty of perjury under the laws of

21        the United States of America that the above is true and correct.

22        Executed on May 29, 2020, at Portland, Oregon.

23

Rosealynn Seitz                                          *s/ Rosealynn Seitz*

24

Type or Print Name                                       Signature

25

26

27

28

1

## <u>SERVICE LIST</u>

2   Joseph M. Lovretovich
    Eric M. Gruzen
3   Christina R. Manalo
    JML Law
4   5855 Topanga Canyon Blvd., Ste. 300
    Woodland Hills, CA 91367
5   Fax No. 818.610.8800

6   *Attorneys for Plaintiff KHADIJA YOUSAFZAI*

7

8

9                                                                   008808.000520

10                                                                  42904144.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 4

**Table C-5.**
**U.S. District Courts—Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending December 31, 2019**

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Before Pretrial | | During or After Pretrial | | During Trial | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
| Total | 250,058 | 9.9 | 45,773 | 4.5 | 169,473 | 11.0 | 32,951 | 14.0 | 1,861 | 26.2 |
| DC | 3,088 | 4.7 | 960 | 4.0 | 2,092 | 5.0 | 18 | 18.9 | 18 | 53.8 |
| 1st | 7,068 | 15.0 | 1,441 | 4.4 | 2,783 | 10.7 | 2,768 | 44.4 | 76 | 34.6 |
| ME | 473 | 8.2 | 135 | 3.6 | 319 | 9.8 | 16 | 17.2 | 3 | - |
| MA | 4,400 | 19.8 | 878 | 3.8 | 947 | 10.6 | 2,524 | 45.8 | 51 | 34.3 |
| NH | 375 | 9.5 | 94 | 3.0 | 190 | 10.3 | 90 | 15.5 | 1 | - |
| RI | 589 | 8.8 | 41 | 0.6 | 452 | 8.0 | 90 | 13.8 | 6 | - |
| PR | 1,231 | 15.4 | 293 | 12.7 | 875 | 14.2 | 48 | 31.2 | 15 | 39.5 |
| 2nd | 23,693 | 7.8 | 3,763 | 3.6 | 14,520 | 7.7 | 5,198 | 12.4 | 212 | 39.1 |
| CT | 1,913 | 9.2 | 483 | 4.6 | 864 | 8.4 | 551 | 17.7 | 15 | 27.1 |
| NY,N | 1,193 | 9.1 | 183 | 3.2 | 747 | 9.5 | 248 | 15.3 | 15 | 40.0 |
| NY,E | 6,813 | 8.2 | 1,145 | 3.5 | 3,755 | 7.9 | 1,837 | 12.2 | 76 | 44.8 |
| NY,S | 11,453 | 6.5 | 1,817 | 3.4 | 7,041 | 5.7 | 2,503 | 11.3 | 92 | 34.8 |
| NY,W | 2,096 | 14.4 | 111 | 3.2 | 1,926 | 14.8 | 54 | 14.6 | 5 | - |
| VT | 225 | 10.7 | 24 | 5.6 | 187 | 10.7 | 5 | - | 9 | - |
| 3rd | 21,768 | 7.7 | 3,562 | 3.7 | 12,789 | 6.7 | 5,256 | 13.9 | 161 | 30.6 |
| DE | 2,056 | 5.3 | 810 | 3.5 | 1,092 | 6.5 | 129 | 14.9 | 25 | 35.3 |
| NJ | 10,960 | 9.8 | 1,359 | 7.2 | 5,670 | 6.2 | 3,892 | 16.8 | 39 | 40.5 |
| PA,E | 5,288 | 6.0 | 737 | 3.0 | 3,377 | 5.6 | 1,120 | 8.5 | 54 | 19.8 |
| PA,M | 1,548 | 11.1 | 292 | 6.6 | 1,171 | 11.5 | 68 | 17.8 | 17 | 37.5 |
| PA,W | 1,781 | 6.7 | 292 | 2.2 | 1,462 | 8.0 | 6 | - | 21 | 29.5 |
| VI | 135 | 14.8 | 72 | 11.5 | 17 | 25.6 | 41 | 14.2 | 5 | - |
| 4th | 43,041 | 41.9 | 1,881 | 5.8 | 39,543 | 45.2 | 1,473 | 11.5 | 144 | 23.0 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| MD | 2,658 | 8.2 | 143 | 5.6 | 1,912 | 7.2 | 575 | 11.7 | 28 | 28.9 |
| NC,E | 909 | 9.4 | 403 | 6.7 | 490 | 10.9 | 4 | - | 12 | 36.3 |
| NC,M | 607 | 10.5 | 393 | 8.7 | 184 | 13.5 | 22 | 17.0 | 8 | - |
| NC,W | 866 | 9.5 | 65 | 2.5 | 514 | 8.1 | 267 | 12.7 | 20 | 22.0 |
| SC | 2,337 | 9.7 | 201 | 2.7 | 2,043 | 10.4 | 67 | 11.0 | 26 | 23.1 |
| VA,E | 2,244 | 6.0 | 514 | 5.0 | 1,328 | 5.4 | 378 | 8.0 | 24 | 14.3 |
| VA,W | 627 | 11.1 | 63 | 5.7 | 529 | 11.9 | 20 | 16.3 | 15 | 14.3 |
| WV,N | 415 | 11.1 | 59 | 5.4 | 228 | 7.2 | 125 | 22.8 | 3 | - |
| WV,S | 32,378 | 54.0 | 40 | 5.8 | 32,315 | 54.1 | 15 | 18.2 | 8 | - |
| **5th** | **29,032** | **8.2** | **6,255** | **5.5** | **17,151** | **8.0** | **5,373** | **12.9** | **253** | **24.2** |
| LA,E | 11,414 | 7.7 | 1,204 | 5.7 | 6,495 | 6.9 | 3,668 | 12.6 | 47 | 23.8 |
| LA,M | 963 | 16.5 | 230 | 14.2 | 688 | 16.3 | 33 | 25.0 | 12 | 28.2 |
| LA,W | 1,205 | 11.9 | 224 | 5.3 | 650 | 10.9 | 319 | 18.2 | 12 | 36.6 |
| MS,N | 620 | 9.5 | 167 | 8.1 | 239 | 8.1 | 208 | 12.4 | 6 | - |
| MS,S | 1,108 | 9.3 | 400 | 8.2 | 667 | 9.7 | 22 | 20.7 | 19 | 24.1 |
| TX,N | 3,559 | 7.6 | 522 | 3.7 | 3,008 | 8.7 | 0 | - | 29 | 18.1 |
| TX,E | 1,948 | 8.9 | 771 | 7.3 | 1,123 | 10.1 | 28 | 19.1 | 26 | 21.0 |
| TX,S | 5,267 | 7.6 | 1,872 | 4.6 | 2,476 | 8.1 | 854 | 11.7 | 65 | 24.0 |
| TX,W | 2,948 | 6.5 | 865 | 3.8 | 1,805 | 6.8 | 241 | 14.2 | 37 | 25.5 |
| **6th** | **14,028** | **9.8** | **4,023** | **7.2** | **6,795** | **8.9** | **3,063** | **12.6** | **147** | **25.0** |
| KY,E | 1,049 | 12.4 | 90 | 5.0 | 941 | 12.8 | 7 | - | 11 | 16.8 |
| KY,W | 1,058 | 8.9 | 287 | 6.0 | 714 | 9.3 | 48 | 12.3 | 9 | - |
| MI,E | 3,138 | 8.6 | 513 | 3.0 | 1,111 | 4.5 | 1,490 | 13.6 | 24 | 26.0 |
| MI,W | 884 | 8.0 | 86 | 2.4 | 540 | 6.8 | 249 | 12.0 | 9 | - |
| OH,N | 3,266 | 10.4 | 1,338 | 32.0 | 1,103 | 8.0 | 801 | 9.3 | 24 | 22.5 |
| OH,S | 2,009 | 9.9 | 957 | 6.7 | 636 | 10.9 | 399 | 15.3 | 17 | 33.0 |
| TN,E | 870 | 11.7 | 256 | 8.3 | 534 | 12.0 | 57 | 15.0 | 23 | 25.5 |
| TN,M | 937 | 10.4 | 184 | 10.1 | 736 | 10.3 | 3 | - | 14 | 25.2 |
| TN,W | 817 | 9.4 | 312 | 8.7 | 480 | 9.4 | 9 | - | 16 | 20.0 |
| **7th** | **16,925** | **8.7** | **3,321** | **3.1** | **10,105** | **8.7** | **3,384** | **18.2** | **115** | **32.7** |
| IL,N | 8,579 | 8.4 | 1,893 | 3.5 | 4,976 | 7.8 | 1,647 | 38.6 | 63 | 36.9 |
| IL,C | 682 | 10.0 | 241 | 6.9 | 427 | 12.0 | 6 | - | 8 | - |
| IL,S | 815 | 9.2 | 178 | 6.5 | 632 | 9.6 | 2 | - | 3 | - |
| IN,N | 1,537 | 13.2 | 77 | 3.0 | 1,002 | 12.8 | 449 | 15.8 | 9 | - |
| IN,S | 3,390 | 8.0 | 570 | 1.1 | 1,787 | 8.7 | 1,020 | 10.4 | 13 | 36.9 |
| WI,E | 1,241 | 7.0 | 155 | 3.0 | 1,027 | 7.3 | 47 | 13.1 | 12 | 26.5 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| WI,W | 681 | 7.8 | 207 | 3.6 | 254 | 8.5 | 213 | 10.8 | 7 | - |
| **8th** | **15,938** | **12.3** | **4,626** | **5.0** | **10,406** | **15.1** | **796** | **11.5** | **110** | **23.8** |
| AR,E | 868 | 10.2 | 436 | 9.5 | 404 | 10.1 | 5 | - | 23 | 19.6 |
| AR,W | 702 | 11.1 | 19 | 4.5 | 607 | 11.0 | 67 | 11.9 | 9 | - |
| IA,N | 286 | 9.7 | 68 | 4.7 | 208 | 10.5 | 3 | - | 7 | - |
| IA,S | 345 | 9.5 | 152 | 10.9 | 184 | 8.4 | 2 | - | 7 | - |
| MN | 8,209 | 21.8 | 1,855 | 6.6 | 5,713 | 24.3 | 627 | 10.9 | 14 | 28.8 |
| MO,E | 3,079 | 2.2 | 1,359 | 2.2 | 1,700 | 2.1 | 4 | - | 16 | 26.3 |
| MO,W | 1,477 | 7.0 | 531 | 5.0 | 852 | 8.8 | 80 | 12.4 | 14 | 27.9 |
| NE | 521 | 8.8 | 98 | 6.4 | 407 | 8.9 | 5 | - | 11 | 22.5 |
| ND | 229 | 11.0 | 36 | 0.9 | 187 | 12.5 | 1 | - | 5 | - |
| SD | 222 | 11.7 | 72 | 9.9 | 144 | 11.9 | 2 | - | 4 | - |
| **9th** | **39,734** | **7.7** | **9,878** | **4.6** | **26,541** | **8.4** | **3,000** | **13.5** | **315** | **25.4** |
| AK | 345 | 7.6 | 61 | 4.2 | 281 | 7.9 | 0 | - | 3 | - |
| AZ | 6,162 | 11.7 | 85 | 3.5 | 5,601 | 11.7 | 448 | 14.4 | 28 | 32.4 |
| CA,N | 5,693 | 8.5 | 2,185 | 5.4 | 2,202 | 8.2 | 1,270 | 13.3 | 36 | 25.0 |
| CA,E | 2,545 | 10.0 | 959 | 7.5 | 1,506 | 11.6 | 57 | 18.4 | 23 | 30.8 |
| CA,C | 13,784 | 4.8 | 3,669 | 3.5 | 9,770 | 5.3 | 237 | 13.5 | 108 | 21.0 |
| CA,S | 2,215 | 6.2 | 450 | 3.4 | 1,108 | 5.8 | 637 | 11.8 | 20 | 29.0 |
| HI | 530 | 7.6 | 290 | 7.4 | 211 | 7.0 | 20 | 28.6 | 9 | - |
| ID | 371 | 10.3 | 62 | 2.9 | 273 | 11.2 | 27 | 16.2 | 9 | - |
| MT | 360 | 9.9 | 99 | 4.0 | 128 | 6.9 | 127 | 15.1 | 6 | - |
| NV | 2,635 | 11.8 | 829 | 6.9 | 1,637 | 14.7 | 152 | 12.9 | 17 | 39.1 |
| OR | 1,597 | 11.7 | 436 | 6.2 | 1,134 | 12.8 | 7 | - | 20 | 24.6 |
| WA,E | 958 | 8.6 | 55 | 9.6 | 893 | 8.4 | 3 | - | 7 | - |
| WA,W | 2,483 | 7.1 | 675 | 3.2 | 1,774 | 7.9 | 9 | - | 25 | 19.3 |
| GUAM | 34 | 15.8 | 13 | 4.7 | 12 | 10.9 | 6 | - | 3 | - |
| NMI | 22 | 12.5 | 10 | 8.6 | 11 | 13.9 | 0 | - | 1 | - |
| **10th** | **8,643** | **9.5** | **1,837** | **4.9** | **5,769** | **10.2** | **941** | **13.6** | **96** | **26.9** |
| CO | 2,590 | 7.4 | 773 | 4.6 | 1,696 | 8.1 | 84 | 18.2 | 37 | 31.6 |
| KS | 1,866 | 22.0 | 149 | 4.4 | 1,623 | 37.6 | 79 | 19.5 | 15 | 26.7 |
| NM | 987 | 9.5 | 101 | 1.0 | 446 | 8.3 | 426 | 12.5 | 14 | 33.3 |
| OK,N | 565 | 9.7 | 63 | 2.9 | 491 | 10.2 | 6 | - | 5 | - |
| OK,E | 354 | 11.8 | 13 | 2.2 | 332 | 11.9 | 4 | - | 5 | - |
| OK,W | 1,022 | 8.5 | 375 | 7.3 | 414 | 7.8 | 222 | 11.2 | 11 | 14.2 |
| UT | 1,047 | 9.9 | 261 | 6.9 | 737 | 10.4 | 43 | 22.2 | 6 | - |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| WY | 212 | 8.8 | 102 | 5.4 | 30 | 6.1 | 77 | 12.8 | 3 | - |
| **11th** | **27,100** | **5.3** | **4,226** | **3.6** | **20,979** | **5.2** | **1,681** | **12.2** | **214** | **20.8** |
| AL,N | 1,724 | 10.8 | 58 | 2.5 | 1,609 | 10.7 | 33 | 28.0 | 24 | 22.4 |
| AL,M | 536 | 10.4 | 60 | 3.4 | 463 | 11.2 | 10 | 21.5 | 3 | - |
| AL,S | 516 | 7.7 | 90 | 4.9 | 416 | 8.5 | 6 | - | 4 | - |
| FL,N | 2,039 | 5.6 | 21 | 1.6 | 2,003 | 5.5 | 7 | - | 8 | - |
| FL,M | 6,660 | 5.7 | 333 | 3.1 | 6,163 | 5.7 | 109 | 15.9 | 55 | 20.3 |
| FL,S | 9,490 | 3.9 | 2,804 | 3.8 | 6,587 | 3.9 | 21 | 18.6 | 78 | 16.4 |
| GA,N | 4,911 | 6.4 | 498 | 2.8 | 2,906 | 4.2 | 1,480 | 11.5 | 27 | 26.9 |
| GA,M | 691 | 7.4 | 163 | 4.8 | 505 | 8.0 | 10 | 24.2 | 13 | 20.3 |
| GA,S | 533 | 9.4 | 199 | 8.2 | 327 | 10.1 | 5 | - | 2 | - |

NOTE: Median time intervals are not computed when fewer than 10 cases reported. This table excludes land condemnations, prisoner petitions, deportation reviews, recovery of overpayments, and enforcement of judgments. Includes cases filed in previous years as consolidated cases that thereafter were severed into individual cases. For fiscal years prior to 2001, this table included data on recovery of overpayments and enforcement of judgments.